See note to Kinsella *v.* Auburn, *ante.*
See Stoddard *v.* Village of Saratoga Spa, 127 N. Y. 261; Moran *v.* White Plains, 58 Hun, 608.

LOUIS CORDES, Respondent, *v.* ROSANNA KENNEY *et al.*, Appellants.

*Supreme Court, Second Department, General Term, December* 9, 1889.

1. *Contract. Performance.* —Where the time for closing a transaction has been several times adjourned, the vendor cannot elect to make time of the essence of the contract without giving the purchaser reasonable notice.

2. *Specific performance. Decreed.*—The specific performance of a verbal contract for the sale of real estate will be decreed where the contract was fairly entered into and partly executed by the payment of money and the transfer of possession made to the purchaser who has made valuable improvements thereon.

Appeal from judgment in favor of plaintiff entered upon findings made by the court.

*Jas. D. Van Hoevenberg,* for appellants.

*Julian B. Shope* and *Chas. Stewart Davidson,* for respondent.

PRATT, J.—The findings of fact of the judge below seem to be sustained by the evidence, and the conclusions of law strictly follow the findings of fact.

The title of the property stood in the name of Rosanna Kenney, and the plaintiff was the sole purchaser. The proof does not disclose any interest in Kellerman, and therefore, he was not a necessary party to the suit. In fact, the weight of evidence is decidedly to the fact that the plaintiff was the sole party to whom the deed was to be made. It is also fairly proved that time was not the essence of the contract.

The time for closing the transaction was several times adjourned, and after such a state of facts the defendant could not elect to make time the essence of the contract without giving the plaintiff reasonable notice.

The contract was fairly entered into and partly executed by the payment of money and the transfer of possession to the plaintiff.

It would have been a gross fraud upon the plaintiff's right after he had made payments upon the purchase and valuable improvements upon the property to refuse specific performance.

The case is too plain to require the citation of authorities that there was a sufficient performance of the contract to authorize a court of equity to decree specific performance.

The pretended conveyance by Mrs. Kenney to her daughter cannot stand in the way of granting proper relief to the plaintiff. The conveyance was without consideration and to a party who had notice of plaintiff's claim.

There was no error in the admission or rejection of evidence sufficient to reverse the judgment.